IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV177-MU-2
(3:03CR109-02-MU)

ELIJAH JAMES GADDY,        )
    Petitioner,        )
               )
      v.        )        <u>ORDER</u>
               )
UNITED STATES OF AMERICA,)
    Respondent.        )
_____)

THIS MATTER comes before the Court on the "Government's Motion To Reconsider," filed May 12, 2005.  For the reasons stated herein, the government's Motion, which the Court has construed under Federal Rule of Civil Procedure 60(b), will be <u>granted</u>; the Court's Order of May 3, 2005 (granting the petitioner's Motion to Vacate in order to allow him to appeal his criminal case) will be <u>vacated</u>; and the Petitioner's Motion to Vacate will be <u>denied</u>.

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

As was noted in the Court's Order of May 3, 2005, the petitioner was indicted on June 25, 2003.  Such Indictment alleged, among other matters, that the petitioner had conspired to traffic in certain specified quantities of powder and crack cocaine, all in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); that he had possessed with intent to distribute quantities of crack cocaine on multiple occasions, all in violation of 21

U.S.C. §841 (Counts Five through Seven); and that he had used and carried a firearm, and had possessed such firearm during and in relation to or in furtherance of a drug trafficking crime, all in violation of 18 U.S.C. §924(c)(1).

Although the petitioner initially signed a written Plea Agreement in this matter, on September 16, 2003, the petitioner appeared before the Court and entered "straight-up" guilty pleas to the charges which he was facing.  Upon the conclusion of that Plea & Rule 11 Proceeding, the Court conditionally accepted the petitioner's guilty pleas.

Next, on April 21, 2004, the government filed a written Motion for Downward Departure pursuant to U.S. Sentencing Guidelines §5K1.1.  Such Motion asked the Court to reduce the petitioner's sentencing exposure from 360 months to life imprisonment plus 60 years consecutive, down to a total of 322 to 387 months imprisonment.

On April 28, 2004, the Court held a Factual Basis & Sentencing Hearing for the petitioner.  On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters.  Thereafter, the Court sentenced the petitioner to concurrent terms of 188 months imprisonment on Count One and Counts Five through Seven, and to a mandatory minimum consecutive 60-month term of imprisonment on Count Eight, for a total of 248 months imprisonment.  Thereafter, the Court's Judgment and

Commitment form was filed on May 7, 2004.

The time during which the petitioner could have filed an appeal expired on or about May 20, 2004, and the petitioner did not file an appeal before that date. Rather, on October 20, 2004, the petitioner filed his Notice of Appeal, arguing that such Notice should be deemed timely filed on the basis of his attorney's <u>Peak</u> violation––that is, on the basis of counsel's alleged failure to file an appeal as the petitioner reportedly had requested.

Not surprisingly, however, the government opposed the petitioner's appeal in a Motion to Dismiss, arguing that such action was untimely brought. The Fourth Circuit Court of Appeals granted the government's Motion, noting that the appeal had been filed outside of both the 10 and 30-day periods which are ap-plicable under the Federal Rules of Appellate Procedure. (<u>See</u> <u>United States v. Gaddy</u>, No. 04-4915, slip op. at 1 (April 15, 2005)).

Next, the petitioner returned to this Court on April 28, 2005 with his Motion to Vacate. Such Motion to Vacate raised the single claim that the petitioner had been subjected to ineffec-tive assistance of counsel by virtue of his attorney's alleged failure to honor his request for a direct appeal.

Upon its initial review of that matter, the Court observed that the petitioner was claiming that his attorney had failed to

3

follow his request for an appeal; and that the petitioner actually had attempted to pursue his own appeal--albeit unsuccessfully.  Thus, this Court followed its usual practice of giving the petitioner the benefit of the doubt in these circum- stances, and granted his Motion to Vacate for the sole purpose of allowing the petitioner to directly appeal his criminal case.

Further, the Court also followed its usual practice of ad- vising counsel for the government that if she was aware that former defense counsel had in his possession a document which affirmatively could establish that the petitioner actually had advised defense counsel that he did <u>not</u> want to appeal, or which otherwise could conclusively rebut the petitioner's allegation that counsel failed to file an appeal as requested, counsel for the government could present that evidence to the Court by way of an appropriate request for reconsideration.  To that end, on May 12, 2005, counsel for the government timely filed a Motion for Reconsideration.

In particular, the government's Motion asks the Court to reconsider its May 3, 2005 Order on the grounds that defense counsel had provided her with a document which establishes that on May 17, 2004--a date which was after the Court's Judgment of Commitment was filed, but before the expiration of the 10-day appeal period--the petitioner signed a document indicating that he did not wish to appeal his case.  Thus, the government

4

contends, and the Court agrees, that the petitioner cannot demonstrate ineffectiveness on the basis of his former attorney's decision not to appeal his case.

## II.  **ANALYSIS**

Indeed, as the Court noted in its earlier Order, in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

However, in the instant case the government has presented the Court with irrefutable proof that not only did the petitioner have his rights explained to him in a timely fashion by his former attorney, but after he received that information, the petitioner expressly advised his attorney that he did not wish to appeal his case.  Accordingly, the Court finds that the petitioner's former attorney was not deficient for foregoing an appeal because there simply was no timely[1] request for an appeal

---

[1]Furthermore, the Court's conclusion that counsel was not deficient here is not altered by the fact that on July 27, 2004, the petitioner wrote counsel and asked him to file an appeal.  To be sure, the petitioner's request was made well after the expiration of both the 10 and 30-day appeal periods which are provided under Rule 4 of the Federal Rules of Appellate Procedure.  Most critically, such request was made after defense counsel had been compensated

by the petitioner.

### III.  CONCLUSION

In the absence of any failure by counsel to honor a request for an appeal, the petitioner cannot demonstrate that counsel was ineffective as he alleged.  In that case, the petitioner is not entitled to the relief which this Court previously granted him. Therefore, the government's Motion for Reconsideration must be granted; and the Court's Order of May 3, 2005 must be vacated.

### IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That the government's Motion for Reconsideration  is **GRANTED;**

2.  That the Court's Order of May 3, 2005 (by which the Court granted the petitioner's Motion to Vacate), is **VACATED;**

3.  That the petitioner's Motion to Vacate is **DENIED;** and

4.  That the Clerk shall send copies of this Order to the petitioner and to counsel for the government, and shall send a certified copy of this Order to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

---

and released from appointment to petitioner by the Court.  Thus, unlike in Peak where the attorney failed to honor a timely request for an appeal based upon his opinion that the proposed claim(s) lacked legal merit, this case is distinguishable on the foregoing bases, thereby rendering the rule from Peak inapplicable here.

**Signed: May 24, 2005**

Graham C. Mullen
Chief United States District Judge