# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CR109-MU

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ELIJAH JAMES GADDY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Reopen Sentence and Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(B), filed March 13, 2006.

On June 25, 2003, Defendant was indicted for violating 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 924(c). September 16, 2003, Defendant entered a "straight up" guilty plea at his Rule 11 hearing. On April 28, 2003, this Court sentenced Defendant to 248 months imprisonment with a consecutive 60 month sentence for his § 924(c) conviction. On October 20, 2004, Defendant filed a notice of appeal which the United States Court of Appeals for the Fourth Circuit ruled was untimely.

On April 28, 2005, Defendant filed a Motion to Vacate with this Court alleging that he had received ineffective assistance of counsel because his counsel had failed to honor his request to file a direct appeal. On May 3, 2005, this Court granted Defendant's Motion to Vacate and reentered his criminal judgment so as to permit him to file a timely direct appeal. Accordingly, on May 12, 2005, Defendant filed a Notice of Appeal. However, on

May 24, 2005, the Court entered an Order granting the Government's Motion to Reconsider; vacating it's May 3, 2005, Order; and denying Defendant's Motion to Vacate. Defendant then filed another Motion to Vacate which was denied because Defendant still had an appeal pending in the Fourth Circuit. Defendant's appeal was ultimately dismissed for lack of prosecution.

Defendant has filed the present motion seeking to have the Court reopen his criminal case and resentence him based upon the Government's alleged breach of an oral agreement to file a Rule 35 motion. Defendant also argues that § 3582 provides this Court with the authority to resentence him using cocaine rather than cocaine base sentencing guidelines.

A review of the record does not support Defendant's contention that the Government promised him a Rule 35 motion. At the plea hearing he swore under oath that other than the terms of his plea agreement no one had made him any promises of leniency or a light sentence to induce him to plead guilty. (Entry and Acceptance of Guilty Plea form, # 24).

Moreover, only the Government may make a Rule 35(b) motion. Fed. R. Crim. P. 35(b). A district court may inquire into the Government's motives not to file a Rule 35(b) motion only in limited circumstances. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994). A court may review whether the prosecutor's decision was based upon an unconstitutional motive. Id. In the instant case, Defendant has not made any allegation that the Government possessed an unconstitutional motive for not filing a Rule 35(b) motion. Consequently, it is beyond this Court's authority to inquire into the Government's decision not to file a Rule 35(b) motion and Defendant's § 3582 claim on this basis fails.

Defendant's claim that the Government failed to establish that the drug at issue in his case was cocaine base is not a proper claim for a Rule 3582(c)(1)(B) motion and as such it is denied.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reopen Petitioner's Sentence and Modification of Same Pursuant to 18 U.S.C. § 3582(c)(1)(B) is **DENIED**.

Signed: May 25, 2006

Graham C. Mullen
United States District Judge